**Patricio ZAMORA, Plaintiff–Appellant,**

v.

**Lorance W. BODDEN, Defendant–Appellee.**

**No. 09–41257**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Sept. 14, 2010.

Seth A. Nichamoff, Esq., Nichamoff & King, P.C., Houston, TX, for Plaintiff–Appellant.

Gilberto Hinojosa, Esq., Magallanes & Hinojosa, P.C., Brownsville, TX, for Defendant–Appellee.

---

* District Judge for the Eastern District of Texas, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM: *

At issue is whether the district court properly granted summary judgment, dismissing Zamora's maritime and Jones Act claims for lack of subject-matter jurisdiction. We agree with the district court that there was no jurisdiction. Furthermore, we also agree with the district court that to the extent that there are any remaining claims over which the court has jurisdiction, they are untimely. Accordingly, we AFFIRM.

This case arises out of personal injuries that Zamora sustained on August 1, 2003 while working on a boat for the Bodden Shrimp Company (BSC). Zamora sued BSC for his injuries, and, on August 16, 2004, he obtained a final judgment against the company. Zamora, however, could not recover from BSC because BCS had filed for bankruptcy under Chapter 7. With that avenue for recovery closed, Zamora filed this action on February 13, 2007 against Lorance W. Bodden on the theory that he was the alter ego of BSC.

This court reviews a district court's grant of summary judgment *de novo,* applying the same standard as the district court. *Ford Motor Co. v. Tex. Dep't of Transp.,* 264 F.3d 493, 498 (5th Cir.2001). Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

Zamora argues that there is federal-question jurisdiction because he seeks to collect an award (on an alter-ego theory) rendered in a prior admiralty case.[1] Put differently, he believes that the court in this collection action can derive its federal jurisdiction from the earlier lawsuit. The Supreme Court, however, has rejected this argument, explaining that such claims must have independent grounds for federal jurisdiction. *See Peacock v. Thomas,* 516 U.S. 349, 356, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996) ("[C]laims alleged to be factually interdependent with and, hence, ancillary to claims brought in an earlier federal lawsuit will not support federal jurisdiction over a subsequent lawsuit.").

Insofar as there are any remaining claims supported by federal jurisdiction, they are barred by the three-year statute of limitations that is applicable to personal-injury claims arising out of a maritime tort. *See Pretus v. Diamond Offshore Drilling, Inc.,* 571 F.3d 478, 481 (5th Cir. 2009) (citations omitted). Here, the limitations period began on August 1, 2003, when Zamora sustained his injuries. After accounting for tolling on two occasions, the district court correctly concluded that the limitations period expired on December 9, 2006. Because Zamora did not file his complaint until February 13, 2007, his claims are barred.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. There is no diversity jurisdiction because the parties are both Texas residents.